# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# BATESVILLE DIVISION

TOMMY HENDERSON                                                                    PLAINTIFF

V.                              1:07CV00050 JLH/JTR

CORRECTIONAL MEDICAL SERVICES, et al.                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

   2.   Why the evidence to be proffered at the requested hearing before the

>   United States District Judge was not offered at the hearing before the Magistrate Judge.
>
> 3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## I. Introduction

This is a *pro se* prisoner action which was removed to federal court from the Izard County Circuit Court by separate Defendant Dr. Mohammed Ahmed. *See* docket entry #1. For the reasons set forth below, the Court recommends that Plaintiff's request to remand this case to state court be granted and that all other motions be denied.

## II. Background

Before addressing the merits of the pending Motions, the Court will briefly review the relevant procedural history of this case. In September of 2006, Plaintiff commenced a *pro se* § 1983 action in federal court alleging that, while he was incarcerated in the Arkansas Department of Correction ("ADC"), numerous Defendants violated his constitutional rights by failing to provide him with adequate medical care for a diabetic ulcer that ultimately resulted in the amputation of his

great toe in April of 2006.[1]  *See Henderson v. Anderson, et al.;* 5:06CV00250 SWW (E.D. Ark. 2006) (docket entry #2).  After conducting an evidentiary hearing, the Court concluded that Plaintiff was a three-striker, as defined by 28 U.S.C. § 1915(g), and that he had not satisfied the imminent danger exception set forth in that statute.[2]  *Id.* (docket entries #72, #73, #79, #80).  Accordingly, the Court dismissed the case, without prejudice, but specified that Plaintiff could reopen the case, within ten days, by filing an appropriate motion and paying the $350 filing fee in full.  *Id.*  Plaintiff did not appeal the Court's decision to the Eighth Circuit and failed to pay the filing fee required to reopen the case in federal court.

Instead, in November of 2006, Plaintiff filed another *pro se* § 1983 action in federal court alleging that numerous ADC Defendants violated his constitutional rights by retaliating against him, interfering with his legal mail, denying him access to the courts, providing him with inadequate medical care, and subjecting him to a variety of unconstitutional conditions of confinement.  *See Henderson v. Chapell, et al.*; 5:06CV00296 SWW (E.D. Ark. 2006) (docket entries #2, #7, and #15).  The Court again concluded that Plaintiff was a three-striker who had not satisfied the imminent danger exception set forth in 28 U.S.C. § 1915(g).  *Id.* (docket entries #18, #22, and #23).  Accordingly, it dismissed the case, without prejudice, but specified that Plaintiff could reopen the case, within ten days, by filing an appropriate motion and paying the $350 filing fee in full.  *Id.*

---

[1] On December 31, 2007, approximately two months after this case was removed to federal court, Plaintiff notified the Court that he had been transferred to a state correctional facility in Kansas. *See* docket entry #35.

[2] 28 U.S.C. 1915(g) provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff did not do so and, once again, elected not to appeal the Court's decision to the Eighth Circuit.

On July 30, 2007, Plaintiff filed a lengthy *pro se* Complaint in state court alleging that various Defendants: (1) denied him adequate medical care for a diabetic ulcer that resulted in the amputation of his great toe in April of 2006;[3] (2) issued several false disciplinary charges against him; (3) interfered with his legal mail; and (3) provided him with a defective, non-weight bearing insole for his shoes. *Id.* Throughout the Complaint, Plaintiff *specifically pleads* that he is bringing these claims pursuant to the "Arkansas Civil Rights Act of 1993," the Arkansas medical malpractice statute, the Arkansas products liability statute, and the state tort of negligence.[4] *Id.* Although the Complaint contains several general references to "color of law claims" and "civil rights claims," it does not mention 42 U.S.C. § 1983 or the federal Constitution. *Id.*

The state court granted Plaintiff permission to proceed *in forma pauperis,* and Defendant Ahmed filed his Answer on August 17, 2007.[5] *See* docket entry #3.

---

[3] This is the same claim Plaintiff raised in *Henderson v. Anderson, et al.;* 5:06CV00250 SWW (E.D. Ark. 2006).

[4] The Arkansas Civil Rights Act of 1993 provides, in pertinent part, that: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of this state or any of its political subdivisions subjects, or causes to be subjected, any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Arkansas Constitution shall be liable to the party injured in an action in circuit court for legal and equitable relief or other proper redress. . . . When construing this section, a court may look for guidance to state and federal decisions interpreting the federal Civil Rights Act of 1871, as amended and codified in 42 U.S.C. § 1983, as in effect on January 1, 1993, which decisions and act shall have persuasive authority only." Ark. Code Ann. § 16-123-105(a) and (c) (emphasis added).

[5] The state court issued summons to Plaintiff, who was responsible for serving each of numerous Defendants named in the Complaint. It appears that Plaintiff has served some, but not all, of the Defendants.

On September 18, 2007, Plaintiff filed an Amended Complaint, which tracks the language of the original Complaint, with the insertion of several subparagraphs that: (1) respond to an allegation of insufficient service of process raised in Defendant Ahmed's Answer; (2) request a jury trial; (3) provide more facts supporting his products liability and medical malpractice claims; and (4) explain his entitlement to punitive and compensatory damages.  *See* docket entry #4 at ¶¶ 2,5, 6, 14, and 42.  When describing his claim for compensatory damages, Plaintiff makes the following vague and confusing assertion:

> As the [Arkansas] Civil Justice Reform Act of 2003 is a percentage (%) of those defendants are liable as the increased focus on medical-malpractice litigation as evidenced by the passage of the Act as a jury trial if needed but reserved by Ark. Ann. Code is a State law that protects the Plaintiff's [Arkansas] civil rights of 1993 and <u>U.S. constitutional civil rights</u> are as a right per defendant that has given me inadequate medical care, below standard of care, medical malpractice, negligence, from the erroneous decisions of misdiagnosis of my L[eft] foot and L[eft] great toe . . . .

*See* docket entry #4 at ¶ 42 (emphasis added).  This is the <u>only</u> reference Plaintiff makes, in either his original or Amended Complaint, to the United States Constitution.  Importantly, neither the Complaint nor the Amended Complaint mentions 42 U.S.C. § 1983.  In contrast, both Complaints are replete with references to the Arkansas Civil Rights Act of 1993, the Arkansas products liability statute, the Arkansas medical malpractice statute, and the state tort of negligence.

On October 18, 2007, Defendant Ahmed filed a Notice removing the state case to federal court.  *See* docket entry #1.  In the Notice, Defendant Ahmed asserts that he is entitled to removal, pursuant to 28 U.S.C. § 1441, because Plaintiff's Amended Complaint allegedly contains a 42 U.S.C. § 1983 claim against him.[6]  *Id.*  As previously explained, nowhere in Plaintiff's Complaint or

---

[6] 28 U.S.C. § 1446(b) provides that a Notice of Removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim. . . ."  However, "(i)f the case stated by the initial pleading is not removable,

Amended Complaint does he ever mention § 1983 and the only reference he makes to the United States Constitution is in the previously quoted vague and confusing assertion in his Amended Complaint. Furthermore, a fair reading of Plaintiff's Complaint and Amended Complaint make it clear that Plaintiff is *not* attempting to assert any § 1983 claims or other federal claims against Defendant Ahmed. Rather, Plaintiff is only asserting state law claims against Defendant Ahmed.

Since the removal of this case to federal court, Plaintiff has filed: (1) a Motion to Amend/Remand to State Court; (2) a Proposed Second Amended Complaint; and (3) a Motion to Transfer the Case to Cure Want of Jurisdiction.[7] *See* docket entries #10, #24, and #30. These *pro se* pleadings are difficult to decipher and are sometimes internally inconsistent. *Id.* However, construed together, Plaintiff seems to acknowledge that the he did *not* raise any § 1983 claims in the Complaint and Amended Complaint that he filed in state court.

Nevertheless, Plaintiff goes on to seek permission to file a Second Amended Complaint that adds § 1983 claims, changes some of the Defendants, and expands his medical care claims to includes treatment received after the April 20, 2006 amputation of his toe. *Id.* Additionally, he seeks to reopen *Henderson v. Anderson, et al.,* 5:06CV00250 SWW (E.D. Ark. 2006), and/or consolidate it with this case, based on Defendant having paid the $350 federal filing fee in

---

a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of the amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable. . . ." 28 U.S.C. § 1446(b). Defendant Ahmed timely filed his Notice of Removal on October 18, 2007, which was twenty days after Plaintiff filed his Amended Complaint on September 28, 2007. *See* docket entries #1 and #4.

[7] In his Motion to Transfer the Case, Plaintiff states that he is seeking a transfer to state court pursuant to 28 U.S.C. § 1631. However, the Court concludes that it is more properly characterized as a Motion to Remand, pursuant to 28 U.S.C. § 1447(c), which provides that: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

connection with the removal of his state court action to federal court. Finally, Plaintiff requests the Court to retain jurisdiction over his § 1983 claims and immediately remand all state court claims to the Izard County Circuit Court. Defendant has objected to Plaintiff's requests to remand any portion of this case to state court. *See* docket entry #23, #33, and #34.

## II. Discussion

A defendant in state court may remove to federal court any civil action over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a) and (b); *see also Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir.1998). Federal courts have original jurisdiction over § 1983 claims pursuant to 28 U.S.C. § 1331. *Id.* Additionally, the "presence of even one federal claim gives the defendant the right to remove the entire case to federal court" and have the federal court exercise supplemental jurisdiction over any pendent state law claims. *Id.; see also City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997).

However, removal based upon a federal question, such as a § 1983 claim, is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction may be invoked "only where a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Chaganti & Assocs. P.C. v. Nowotny*, 470 F.3d 1215, 1220 (8th Cir. 2006), *cert. denied*, 127 S.Ct. 2977 (2007); *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2006); *see also Williams,* 147 F.3d at 702. Finally, and most importantly, the party opposing remand to state court has the burden of establishing federal subject matter jurisdiction, and the district court is "required to resolve all doubts about federal jurisdiction in favor of remand." *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007); *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002).

Defendant concedes that Plaintiff's Complaint did not raise a § 1983 claim or any other claim invoking federal jurisdiction. *See* docket entries #1, #23, #33, and #34. While Defendant asserts that Plaintiff somehow asserted a § 1983 inadequate medical care claim in his Amended Complaint, he has not specified where such a claim is raised. As previously mentioned, the Amended Complaint contains only one vague and confusing reference to the United States Constitution. Furthermore, this reference is made in the context of erroneously asserting that a violation of the United States Constitution can be vindicated by asserting a claim under the Arkansas Civil Rights Act of 1993. Finally, the Amended Complaint does not contain a single reference to 42 U.S.C. § 1983. Not surprisingly, in his post removal federal pleadings, Plaintiff seems to admit that his state court pleadings did not assert a § 1983 claim, and he now seeks permission to add such claims to this action.

For these reasons, the Court concludes that, on the face of Plaintiff's Complaint and Amended Complaint filed in state court, those pleadings do *not* contain a § 1983 claim or any other federal claim over which this Court has original jurisdiction. Accordingly, Defendants have not satisfied their burden of establishing that they are entitled to remove the case to federal court.

Additionally, the Court concludes that it would be inequitable and a waste of judicial resources to allow Plaintiff to circumvent the three-strikes rule by granting him permission to file a Second Amended Complaint that properly raises his claims under § 1983.[8] *See* Fed. R. Civ. P. 15(a)(2) (providing that once an answer is filed, a plaintiff must obtain the court's permission before

---

[8] Plaintiff must obtain the Court's permission to file a Second Amended Complaint because Defendant filed his Answer to the Amended Complaint on October 18, 2007, which was approximately a month <u>before</u> Plaintiff filed his Motion to Amend.

filing an amended complaint); *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (explaining that a court may deny leave to amend "where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment"). If Plaintiff intends to pursue any § 1983 claims, he must either pay the filing fee in full or satisfy the imminent danger exception set forth in 28 U.S.C. § 1915(g). Accordingly, the Court recommends that Plaintiff be denied permission to amend his pleadings, and that this case be remanded to state court based on lack of federal subject matter jurisdiction.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion to Transfer the Case for Want of Jurisdiction, which has been construed as a Motion to Remand (docket entry #30), be GRANTED, and the entire case be REMANDED to the Izard County Circuit Court.

2. Plaintiff's Motion to file a Second Amended Complaint (docket entry #10) be DENIED.

3. Plaintiff's Motion for a Preliminary Injunction (docket entry #26), Plaintiff's Motion for a Hearing (docket entry #27), Defendant Ahmed's Motion for Relief from Discovery (docket entry #8), and Defendant CMS's Motion for a Protective Order from Discovery Requests (docket entry #17) be DENIED AS MOOT.[9]

---

[9] All of these Motions are moot in light of the Court's recommendation that the entire case be remanded to state court. Additionally, Plaintiff's Motion for a Preliminary Injunction is now moot because he has been transferred to a state correctional facility in Kansas. *See Owens v. Isaac*,

4.     Pursuant to 28 U.S.C. § 1447(c), the Clerk be directed to mail a certified copy of any Order adopting this Recommended Disposition and the accompanying Judgment to the Izard County Circuit Clerk.

Dated this 22nd day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

487 F.3d 561, 564 (8th Cir. 2007) (providing that a prisoner's request for injunctive relief is rendered moot by his transfer to another correctional facility).